Frank W. Volk

Frank W. Volk, Chief Judge
United States Bankruptcy Court
Southern District of West Virginia

## UNITED STATES BANKRUPT
## SOUTHERN DISTRICT OF WE
## AT CHARLESTON

| IN RE: | CASE NO. 2:15-bk-20453 |
|---|---|
| MELISSA GAIL ADKINS and ANTHONY PENN ADKINS, | CHAPTER 7 |
| Debtors. | JUDGE FRANK W. VOLK |
| MELISSA GAIL ADKINS, | ADVERSARY PROCEEDING NO. 2:16-ap-02027 |
| Plaintiff, | |
| v. | |
| UNIVERSAL FEDERAL CREDIT UNION, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Pending is the Partial Motion to Dismiss ("Motion to Dismiss") [Dckt. 6], filed April 4, 2016, by Defendant Universal Federal Credit Union ("Universal"). Universal seeks dismissal of Plaintiff Melissa Gail Adkins' claims for violations of (1) the West Virginia Consumer Credit and Protection Act ("WVCCPA"), and (2) 11 U.S.C. § 524 of the Bankruptcy Code.

This is a core matter pursuant to 28 U.S.C. § 157(b)(2)(1). The Court has jurisdiction pursuant to § 157 and 28 U.S.C. § 1334. Under Federal Rule of Civil Procedure 12(b)(6), the Court assesses whether Ms. Adkins has stated actionable claims for relief.

## I.

On September 1, 2015, Ms. Adkins and her spouse petitioned for relief under Chapter 7. On January 13, 2016, they received a discharge. Ms. Adkins then instituted this

adversary proceeding against Universal on March 3, 2016. Ms. Adkins' Complaint alleges three claims against Universal, namely, violations of (1) the WVCCPA, (2) § 524, and (3) the automatic stay found in 11 U.S.C. § 362.  The Complaint, however, contains the barest of factual allegations. In summary, it is alleged that Universal was a creditor in the Chapter 7 case and listed on Schedule F as a general unsecured claimant. It is further alleged that, despite notice and actual knowledge of Ms. Adkins' bankruptcy filing and subsequent discharge, Universal continued to receive payments via a payroll deduction. Universal moves to dismiss the WVCCPA & § 524 claims.

In her response to the Motion to Dismiss, Ms. Adkins asserts that she voluntarily set up an automatic payroll deduction to pay on a debt owed to Universal. During the bankruptcy and following the discharge, however, Universal continued to receive payments. Ms. Adkins claims she was unaware Universal continued the automatic payroll deduction during the pendency of her bankruptcy. The Complaint is unclear as to when Universal commenced and ceased receiving payments via payroll deduction.  There is an allegation that counsel for Ms. Adkins demanded the return of the $1,200 collected, a request that Universal refused.

Ms. Adkins contends that Universal's payroll deduction and refusal to return the money is a willful and intentional violation of the automatic stay, discharge injunction, and the WVCCPA. She seeks actual damages in the amount of $25,000, punitive damages, and attorney's fees for the alleged financial injury caused by Universal.

In seeking dismissal of Ms. Adkins' putative WVCCPA claim, Universal relies upon Code preemption principles. Respecting the § 524 claim, Universal contends Congress provided no private right of action. In response, Ms. Adkins asserts the Code does not preempt the precise WVCCPA provision upon which she relies. Further, while agreeing there is no private

2

cause of action under § 524, she contends the Court may use its "statutory contempt power to order

monetary relief . . . when creditors engage in conduct that violated § 524."

## II.

### A.    Governing Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and

plain statement of the claim showing...entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v.

Pardus*, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to

challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . ." Fed.

R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . .

claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), *overruled on other grounds*, *Twombly*,

550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780

F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to

"more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 558. It is now settled that "a

formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*,

780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a]

claim," but it must "allege sufficient facts to establish those elements." *Wright v. N. Carolina*, 787

F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal

quotation marks and citation omitted). Stated another way, the operative pleading need only

contain "[f]actual allegations . . .[sufficient] to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening

pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned,

the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough

facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.

The decision in *Iqbal* provides some additional markers concerning the plausibility

requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief . . .'"

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not "show[n]" -- "that the pleader is entitled to relief."

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 678-79 (citations omitted).

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6)

standard to require a court to "'accept as true all of the factual allegations contained in the

complaint . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555);

*see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry*

4

*Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)).  The court is additionally required to "draw all reasonable...inferences from those facts in the plaintiff's favor . . ."  *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**B.      Analysis**

The Court first addresses whether Ms. Adkins' claim as currently pled is preempted by the Code.  Addressed second is whether Ms. Adkins' § 524 claim fails for want of a private right of action.

### 1.  Preemption

The Supremacy Clause provides that the "Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land." U.S. Const., art. VI, cl. 2.  Our court of appeals has observed generally as follows:

> The overriding purpose of the Code is the expeditious and equitable distribution of the assets of the debtor's estate. State laws which obstruct expeditious and equitable distribution, therefore, are preempted by the Code.

*In re Smith-Douglass, Inc.*, 856 F.2d 12, 15–16 (4th Cir. 1988) (internal citations omitted).  Our court of appeals has additionally summarized the governing analysis when a preemption challenge occurs:

> Congress may evince an intent to preempt state law in three ways. First, federal law may preempt state law by expressly declaring Congress' intent to do so. Second, Congress can "occupy the field" by "regulating so pervasively that there is no room left for the states to supplement federal law." And third, a state law is preempted "to the extent it actually conflicts with federal law."

*Epps v. JP Morgan Chase Bank, N.A.*, 675 F.3d 315, 322 (4th Cir. 2012).

At issue is whether Ms. Adkins' WVCCPA claim conflicts with the Code inasmuch as it attempts to right the same wrong for which a remedy is already provided for under the Code. The Court notes Ms. Adkins' allegation that her claim is "based solely on multiple violations of Section 362 and Section 524." Compl. ¶ 1.  Respecting the putative WVCCPA claim, she simply states:

> "The conduct described in the preceding allegations is also a violation of the West Virginia Consumer Protection Act. The Debtor is a consumer and the Defendant as a lender to consumers is bound by the provisions of the Act. The Act prohibits the collection of debts that are barred by statute. The Act provides for statutory damages and attorney fees. Each attempt to collect the debt is a separate actionable violation of the act. Upon information and belief, there are more than 15 separate actionable violations."

Compl. ¶ 20.  Ms. Adkins' Complaint does not point to any specific violation of the WVCCPA, but her briefing asserts that Universal unconscionably collected a debt, in violation of Section 46A-2-128 of the WVCCPA. Attempting to draw the WVCCPA claim in a way that cordons it off from the Code, she contends that while Universal's "continued acceptance of the payments during the automatic stay and discharge injunction and the refusal to return them are the basis for the Debtor's claimed Bankruptcy Code violations" it is the "mishandling of th[e] payments [which] is the basis for the Debtor's WVCCPA claims." Pl's Obj. to Def.'s Mot. to Dismiss ¶ 26.

As Universal correctly observes, Ms. Adkins did not identify any specific provisions of the WVCCPA that were allegedly violated. Universal also emphasizes that Ms. Adkins explicitly states in the Complaint that there are no claims alleged that are not specifically addressed by the Code. *Id.* at ¶ 26. It is thus clear that Ms. Adkins' WVCCPA claim seeks to right a wrong under state law for which an exclusive remedy is already provided in the form of damages for violation of the automatic stay.  This she may not do.

Several Circuit Courts of Appeal have concluded that state claims permitting the debtor to collect damages for stay violations are foreclosed by the remedies provided under § 362(k) of the Code.[1]  For example, the United States Court of Appeals for the Second Circuit concluded that state tort claims that allege a violation of the automatic stay provision are preempted by Code as

> (1) Congress placed bankruptcy jurisdiction exclusively in the district courts under 28 U.S.C. § 1334(a); (2) Congress created a lengthy, complex and detailed Bankruptcy Code to achieve uniformity; (3) the Constitution grants Congress exclusive power over the bankruptcy law; (4) the Bankruptcy Code establishes several remedies designed to preclude the misuse of the bankruptcy process; and (5) the mere threat of state tort actions could prevent individuals from exercising their rights in bankruptcy, thereby disrupting the bankruptcy process.

*Eastern Equip. & Servs. Corp v. Factory Point Nat'l Bank*, 236 F.3d 117, 121 (2nd Cir. 2001) (citing *MSR Exploration, Ltd. V. Meridian Oil, Inc.* 74 F. 3d 910, 913-16 (9th Cir. 1996); *see also Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 426 (6th Cir. 2000) (holding that permitting state law causes of action that would redress wrongs under the Bankruptcy Code would undermine the uniformity of the Code and "would stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."); *Koffman v. Osteoimplant Technology*, 182 B.R. 115, 125 (D. Md. 1995) (holding that a state tort suit was preempted by the Bankruptcy Code: "Allowing state tort actions based on . . . violation of the automatic stay to go forward ultimately would have the effect of permitting state law standards to modify the incentive structure of the Bankruptcy Code and its remedial scheme.).

---

[1]  Unsurprisingly, the same is true for violations of the discharge injunction.  A number of courts have concluded that a state law claim effectively permitting a debtor to collect damages for violation of the discharge injunction is foreclosed by § 524 of the Code. *See, e.g., Bessette v. Avco Fin. Servs.*, 230 F.3d 439, 447 (1st Cir. 2000) (quoting *Patriot Portfolio, LLC v. Weinstein*, 164 F.3d 677, 682-83 (1st Cir. 1999)).

In sum, Ms. Adkins alleges that the same conduct that violated the automatic stay under § 362 also contravened the WVCCPA. She thus attempts to remedy the same wrong for which a remedy is already provided for under § 362(k) of the Code.  Inasmuch as the state law claim is preempted, it is **ORDERED** that Universal's Motion to Dismiss on this ground be, and hereby is, **GRANTED.**

### 2.  Private Right of Action Under § 524

The Supreme Court established a framework to determine whether a private right of action exists in a federal statute:

> Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress. Statutory intent on this latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. 'Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.'

*Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001).  This rather restrictive rubric has led many courts to conclude that no private right of action exists under § 524. *See, e.g.*, *Joubert v. ABN Mortg. Group, Inc.*, 411 F.3d 452, 456 (3rd Cir. 2005); *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 509 (9th Cir. 2002); *Pertuso*, 233 F.3d at 421-422; *Cox v. Zale Del., Inc.*, 239 F.3d 910, 917 (7th Cir. 2001); *see also, e.g.*, 1 Bankruptcy Litigation § 5:47.50 (2016).  Ms. Adkins essentially concedes as much in her response: "[W]hile there is no private . . . [right] of action provided for violations of Section 524, there is a remedy for violations of Section 524. Violations of the discharge injunction are punished by contempt of court and bankruptcy courts use this statutory contempt power to order monetary relief."

The difficulty is that the operative pleading contains no freestanding request for contempt.  In the event Ms. Adkins desire to seek a contempt citation for violation of the discharge injunction, she may move to amend the Complaint no later than August 25, 2016.  As presently pled, however, it is evident the § 524 claim was pled as a right of action for which damages were sought.  As such, it is **ORDERED** that this portion of the Motion to Dismiss be, and hereby is, **GRANTED.**

### III.

Based upon the foregoing discussion, it is **ORDERED** that the Motion to Dismiss be, and hereby is, **GRANTED** to the extent that the WVCCPA claim and the § 524 claim be, and hereby are, **DISMISSED**, with leave for Ms. Adkins to move to amend the Complaint and attempt to plead anew for relief under § 524 in accordance with the analysis contained herein.

The Clerk's Office shall serve a copy of this written opinion and order on the necessary parties and counsel in accordance with law.